**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Hardinge Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **16-0470200** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **One Hardinge Drive**<br>**Elmira, NY 14902-1507**<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Chemung**<br>County | **Location of principal assets, if different from principal place of business**<br>_____<br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **http://www.hardinge.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **Hardinge Inc.**                                           Case number (*if known*) _____
_____
Name

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

    3335

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____    When _____    Case number _____
District _____    When _____    Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

| Debtor | **Hardinge Inc.** | | Case number *(if known)* | |
| | Name | | | |

List all cases. If more than 1, attach a separate list

| Debtor | **See Annex A attached** | Relationship | |

| District | | When | | Case number, if known | |

---

**11. Why is the case filed in *this district*?**  Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**█  Statistical and administrative information**

**13. Debtor's estimation of available funds**  .  Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

---

**15. Estimated Assets**

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **Hardinge Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 29, 2024**
              MM / DD / YYYY

**X**   ___/s/ Adrian Frankum___              **Adrian Frankum**
       Signature of authorized representative of debtor        Printed name

Title   **CRO**

**18. Signature of attorney**

**X**   ___/s/ Mark L. Desgrosseilliers___          Date   **July 29, 2024**
       Signature of attorney for debtor                   MM / DD / YYYY

**Mark L. Desgrosseilliers 4083**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 295-0191**        Email address   **desgross@chipmanbrown.com**

**4083 DE**
Bar number and State

**ANNEX A**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Hardinge Inc.

- Hardinge Inc.
- Hardinge Ventures LLC
- Ohio Tool Works, LLC
- Kellenberger Swiss Grinding Machines, LLC
- Hardinge Technology Systems, Inc.
- Forkardt Inc.
- Hardinge Grinding Group, Inc.

**Fill in this information to identify the case:**

Debtor name: Hardinge Inc., *et al.*

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): _____TBD_____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 BANK OF AMERICA / MERRILL LYNCH, PENSION TRUSTEE ERIC BRUNTON, CFP®, CIMA® INSTITUTIONAL TRUST & CUSTODY SERVICES 1400 AMERICAN BLVD PENNINGTON NJ 08534 | ERIC BRUNTON, CFP®, CIMA® PHONE: 317-848-2145 EMAIL: ERIC.BRUNTON@ML.COM | Pension | Unliquidated | | | Undetermined |
| 2 KLAPPERICH TOOL INC CINDI 857 SCHNEIDER DRIVE SOUTH ELGIN IL 60177 | CINDI PHONE: 847-608-8471 EMAIL: CINDI@KLAPPERICHTOOLK.COM | Trade Payables | | | | $649,216.00 |
| 3 GLOBAL TAX MANAGEMENT INC PRESIDENT OR GENERAL COUNSEL 656 E SWEDESFORD RD WAYNE PA 19087 | PRESIDENT OR GENERAL COUNSEL PHONE: 484-395-4000 EMAIL: GTMFINSS@GTMTAAX.COM | Trade Payables | | | | $538,552.18 |
| 4 BRYAN CAVE LEIGHTON PAISNER LLP ASYA HOWARD PO BOX 503089 ST LOUIS MO 63150-3089 | ASYA HOWARD PHONE: 404-572-6813 EMAIL: ASYA.HOWARD@BCLPLAW.COM> | Trade Payables | | | | $532,025.74 |
| 5 BDO USA LLP TRACY GATES PO BOX 642743 PITTSBURGH PA 15264-2743 | TRACY GATES PHONE: 440-394-6333 EMAIL: TGATES@BDO.COM | Trade Payables | | | | $484,300.00 |
| 6 GMN USA LLC KONSTANTIN POSEHN 181 BUSINESS PARK DR BRISTOL CT 06010 | KONSTANTIN POSEHN PHONE: 860-409-2550 EMAIL: INFO@GMNUSA.COM | Trade Payables | | | | $450,560.00 |
| 7 FANUC AMERICA CORPORATION VIRESH PATEL 1800 LAKEWOOD BLVD HOFFMAN ESTATES IL 60192 | VIRESH PATEL PHONE: 888-326-8287 EMAIL: VIRESH.PATEL@FANUCAMERICA.COM | Trade Payables | | | | $445,436.84 |
| 8 FOREFRONT MACHINING TECHNOLOGIES INC PAUL NOLD 731 ABERCORN COURT CENTERVILLE OH 45458 | PAUL NOLD PHONE: 937-672-2443 EMAIL: PAUL.NOLD@FOREFRONTMACHINING.COM | Trade Payables | | | | $440,000.00 |
| 9 MOTION AI DBA BRAAS JOSEPH NASCA 7350 GOLDEN TRIANGLE DRIVE EDEN PRAIRIE MN 55344 | JOSEPH NASCA PHONE: 858-719-2904 EMAIL: JOSEPH.NASCA@MOTION.COM | Trade Payables | | | | $439,171.36 |
| 10 SIEMENS INDUSTRY INC MATT LORIG 390 KENT AVE. ELK GROVE VILL IL 60007 | MATT LORIG PHONE: 847-212-3255 EMAIL: MATT.LORIG@SIEMENS.COM | Trade Payables | | | | $415,510.41 |
| 11 BRILLIO LLC AUSTIN HAMILTON 399 THORNALL STREET 1ST FLOOR EDISON NJ 08837 | AUSTIN HAMILTON PHONE: 213-400-4183 EMAIL: AUSTIN.HAMILTON@BRILLIO.COM | Trade Payables | | | | $394,574.05 |

Debtor: Hardinge Inc., *et al* .

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 12 | LINCOLN PARK BORING COMPANY NANCY YESUE 28089 WICK ROAD ROMULUS MI 48174 | NANCY YESUE PHONE: 734-946-8300 EMAIL: NANCY@LINCOLNPARKBORING.COM | Trade Payables | | | | $378,355.00 |
| 13 | ADVANTAGE METALWORK & FINISHING LLC JOHN PETERS 1000 UNIVERSITY AVENUE STE 700 ATTN: ACCOUNTS PAYABLE ROCHESTER NY 14607 | JOHN PETERS PHONE: 585-454-0160 EMAIL: JPETERS@ADVANTAGEMETALWORK.COM | Trade Payables | | | | $361,453.39 |
| 14 | NEXGEN DATA SOLUTIONS SHAWN BURNS 2097 DEEP MEADOW LANE LANSDALE PA 19446 | SHAWN BURNS PHONE: 610-322-3965 EMAIL: SHAWN@NEXGENDATAT.COM | Trade Payables | | | | $341,727.60 |
| 15 | ORACLE AMERICA INC MEG MILLER PO BOX 203448 DALLAS TX 75320-3448 | MEG MILLER PHONE: 888-803-7414 EMAIL: MEG.MILLAR@ORACLE.COM | Trade Payables | | | | $315,062.87 |
| 16 | MAIN STREET APPS PRESIDENT OR GENERAL COUNSEL 8221 QUAKER RIDGE COURT WEST CHESTER OH 45069 | PRESIDENT OR GENERAL COUNSEL PHONE: 513-888-7209 EMAIL: ACCOUNTING@MAINSTREETDBAS.COM | Trade Payables | | | | $260,135.43 |
| 17 | TEIKOKU CHUCK CO LTD YEN KAYOKO ISHIYAMA ON BEHALF OF SHIGERU HASHIUCHI 12-2 SHIN-YOKOHAMA 2 CHOME KOUHAKU-KU YOKOHAMA JAPAN | KAYOKO ISHIYAMA ON BEHALF OF SHIGERU HASHIUCHI PHONE: 81-72-923-1825 EMAIL: FOREIGN2@BIRD.OCN.NE.JP | Trade Payables | | | | $211,590.57 |
| 18 | HARTWIG PRESIDENT OR GENERAL COUNSEL 500 W WHITE STREET-FM 455 ANNA TX 75409 | PRESIDENT OR GENERAL COUNSEL PHONE: 314-426-5300 EMAIL: AR@HARGWIG.COM | Trade Payables | | | | $204,159.97 |
| 19 | MARPOSS CORPORATION KEN BERESNIEWICZ 3300 CROSS CREEK PKWY AUBURN HILLS MI 48326 | KEN BERESNIEWICZ PHONE: 716-675-1283 EMAIL: KEN.BERESNIEWICZ@US.MARPOSS.COM | Trade Payables | | | | $199,172.40 |
| 20 | DOUGHERTY CHARLES CHARLES DOUGHERTY 408 TAMWORTH COURT BLUE BELL PA 19422 | CHARLES DOUGHERTY PHONE: 215-768-2728 EMAIL: DOUGHERTYCHUCK@GMAIL.COM | Trade Payables | | | | $199,069.34 |
| 21 | CLAUSING SERVICE CENTER PRESIDENT OR GENERAL COUNSEL 3963 EMERALD DRIVE KALAMAZOO MI 49001 | PRESIDENT OR GENERAL COUNSEL PHONE: 269-241-9274 EMAIL: UNKNOWN FAX: 269-342-7888 | Trade Payables | | | | $182,738.04 |
| 22 | WASSERMANN TECHNOLOGIE GMBH TIZIAN GRÖSCH INDUSTREIPARK RHON BURGERMESITER-EBERT-STRABE 5 EICHENZELL GERMANY | TIZIAN GRÖSCH PHONE: 49-6659-82-852 EMAIL: T.GROESCH@WASSERMANN-TECHNOLOGIE.DE | Trade Payables | | | | $176,056.91 |
| 23 | UE ENCLOSURES UE ACCOUNTING TEAM 605 ESSEX COUNTRY ROAD 18 LEAMINGTON ON N8H 3V5 CANADA | UE ACCOUNTING TEAM PHONE: 866-336-9273 EMAIL: ACCOUNTING@UECAN.COM | Trade Payables | | | | $172,200.00 |
| 24 | SAP AMERICA INC SAP CUSTOMER SERVICE TEAM PO BOX 734595 CHICAGO IL 60673-4595 | SAP CUSTOMER SERVICE TEAM PHONE: 610 661-1000 EMAIL: SAP.AMERICAS.E-BILLING@SAP.COM | Trade Payables | | | | $171,543.30 |
| 25 | BRINKMANN PUMPS, INC. DAWN CARZOLI 47060 CARTIER DRIVE WIXOM MI 48393 | DAWN CARZOLI PHONE: 248-926-9400 EMAIL: DCARZOLI@BRINKMANNPUMPS.COM | Trade Payables | | | | $169,859.98 |

Debtor: Hardinge Inc., *et al* .                                                                                        Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 26 | AURORA MACHINE KELSEY HEWITT 200 TECH PARK DRIVE ROCHESTER NY 14623 | KELSEY HEWITT PHONE: 585-204-7056 EMAIL: KHEWITT@AURORAMACHINE.COM | Trade Payables | | | | $166,142.69 |
| 27 | FISCHER USA INC MASON DEGROOT 3715 BLUE RIVER AVE RACINE WI 53405 | MASON DEGROOT PHONE: 262-635-1001 EMAIL: MASON.DEGROOT@FISCHERSPINDLE.COM | Trade Payables | | | | $143,997.16 |
| 28 | 3M ABRASIVES SYSTEMS DIVISION US CUSTOMER ISSUE RESOLUTION 546 ENTERPRISE DRIVE ROYERSFORD PA 19468 | US CUSTOMER ISSUE RESOLUTION PHONE: 855-724-4408 EMAIL: 3M.SIBGCUSTOMERCOLLECTIONS.US@MMM.COM | Trade Payables | | | | $143,875.00 |
| 29 | ADAPTEC SOLUTIONS LLC LISA GOODBERLET 9699 ENTERPRISE DRIVE PAINTED POST NY 14870 | LISA GOODBERLET PHONE: 585-484-0996 EMAIL: LISA.GOODBERLET@ADAPTECSOLUTIONS.COM | Trade Payables | | | | $142,133.80 |
| 30 | FLANNERY MACHINE & TOOL INC KEN FLANNERY 8420 US 131 MANCELONA MI 49659 | KEN FLANNERY PHONE: 231-587-5076 OR 5075 EMAIL: KEN@FLANNERYMACHINE.COM | Trade Payables | | | | $142,133.80 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hardinge Inc., *et al.*,[1] | Case No. 24-[_____] ([____]) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the above-captioned debtor and its debtor affiliates, as debtors and debtors in possession (each, a "**Debtor**" and, collectively, the "**Debtors**"), to the best of their knowledge, information, and belief, hereto state as follows:

1.     Debtor Hardinge Inc. is wholly owned by Hardinge Holdings, LLC.

2.     Each remaining Debtor is wholly owned by Debtor Hardinge Inc.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Hardinge Inc. (0200); Ohio Tool Works, LLC (7569); Hardinge Technology Systems, Inc. (6427); Hardinge Grinding Group Inc. (6173); Forkardt Inc. (4671); Hardinge Ventures LLC (0586); and Kellenberger Swiss Grinding Machines, LLC (N/A).  The Debtors' service address is One Hardinge Drive, Elmira, NY 14902-1507.

**Fill in this information to identify the case:**

Debtor name __**Hardinge Inc.**__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Debtors' Consolidated Corporate Ownership Statement and List of Equity Interest Holders Pursuant to Fed. R. Bankr. P. 1007(A)(1), 1007(A)(3), and 7007.1**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __**July 29, 2024**__        X __*/s/ Adrian Frankum*__
                                                  Signature of individual signing on behalf of debtor

                                                  **Adrian Frankum**
                                                  Printed name

                                                  **CRO**
                                                  Position or relationship to debtor

## OMNIBUS OFFICER'S CERTIFICATE

July 28, 2024

The undersigned, as the Chief Restructuring Officer of Hardinge Inc., Hardinge Technology Systems, Inc., Hardinge Grinding Group Inc., Forkardt Inc., Hardinge Ventures LLC, Ohio Tool Works, LLC, and Kellenberger Swiss Grinding Machines, LLC (collectively the "Companies") hereby certifies, solely in his capacity as an officer of the Companies and not in any individual capacity, as follows:

1. I am the duly qualified and elected Chief Restructuring Officer of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2. Attached hereto are true, complete, and correct copies of the resolutions duly adopted at a meeting by each of the Restructuring Committees of each of the Boards of Directors of Hardinge Inc. (for itself and in its capacity as the manager of each of Hardinge Ventures LLC, Ohio Tool Works, LLC, and Kellenberger Swiss Grinding Machines, LLC), Hardinge Technology Systems, Inc., Hardinge Grinding Group Inc., and Forkardt Inc. on July 28, 2024 (the "Resolutions"). Capitalized terms used herein and not otherwise defined herein shall have the meanings provided to such terms in the Resolutions.

3. Since their adoption, the Resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name: Adrian Frankum

Title: Chief Restructuring Officer

Docusign Envelope ID: F7998A9D-489E-42E8-89A4-87EF9C05B381

<u>**Exhibit A**</u>

**Resolutions**

**OMNIBUS RESOLUTIONS OF EACH OF THE RESTRUCTURING COMMITTEES OF EACH OF THE BOARDS OF DIRECTORS OF HARDINGE INC. AND CERTAIN OF ITS SUBSIDIARIES AND THE MANAGER OF EACH OF HARDINGE VENTURES LLC, OHIO TOOL WORKS, LLC, AND KELLENBERGER SWISS GRINDING MACHINES, LLC**

July 28, 2024

WHEREAS, pursuant to notice duly given, a meeting (the "Meeting") of (a) each of the Restructuring Committees (each, a "Restructuring Committee" and, together, the "Restructuring Committees") of the Boards of Directors (each a "Board" and, together, the "Boards") of Hardinge Inc., a New York corporation ("Hardinge") (for itself and in its capacity as the manager (the "Manager") of each of the Companies listed on Schedule 1), Hardinge Technology Systems, Inc. ("HTS"), Hardinge Grinding Group Inc. ("HGG"), and Forkardt Inc. ("Forkardt" and, collectively with Hardinge, HTS, HGG and the companies listed on Schedule 1, the "Companies" and each a "Company") and (b) the Manager of each of the Companies listed on Schedule 1, was convened on July 28, 2024;  each of the Restructuring Committees and the Manager is referred to herein as a "Governing Authority" and are referred to collectively as the "Governing Authorities";

WHEREAS, the Board of each Company previously established a Restructuring Committee in accordance with such Company's Bylaws;

WHEREAS, a quorum of each Restructuring Committee participated throughout the Meeting;

WHEREAS, each Governing Authority has (i) all control, rights, powers, and authorities of the Board and (ii) the exclusive power, authority, and right to take on behalf of the applicable Company all actions related to review, approval and implementation of, as applicable, strategic alternatives available to the applicable Company, including, without limitation, the commencement and conduct of insolvency proceedings by the applicable Company;

WHEREAS, each Governing Authority has reviewed and considered presentations by the management and the financial and legal advisors of the applicable Company regarding the liabilities and liquidity situation of the applicable Company, the strategic alternatives available to them, and the effect of the foregoing on the applicable Company's businesses;

WHEREAS, each Governing Authority has had the opportunity to consult with the management and the financial and legal advisors of the applicable Company and fully consider each of the strategic alternatives available to the applicable Company;

WHEREAS, after a marketing process and negotiations with their stakeholders, the Companies have negotiated with the prepetition secured lenders party to that Credit Agreement dated as of September 27, 2024 (as amended, restated, supplemented, amended and restated or otherwise modified from time to time prior to the Petition Date (as defined in the Credit Agreement), the "Prepetition Credit Agreement"), among Hardinge (the "Borrower"), the Borrower's domestic subsidiaries (including the Companies) as guarantors (together with the Borrower, the "Proposed Debtors") and the other guarantors party thereto, the several financial institutions party thereto as "Lenders" and BMO Harris Bank N.A., as administrative agent to

provide a superpriority debtor in possession credit facility (the "<u>DIP Credit Facility</u>") to the Proposed Debtors to fund the Proposed Debtors' operations in the ordinary course, fund the administration of the Chapter 11 Cases (as defined herein), and pay the claims of certain vendors, employees, and other stakeholders in the ordinary course of business during the Chapter 11 Cases;

WHEREAS, each Governing Authority has been advised of the material terms of the DIP Credit Facility by and among Hardinge Inc., as borrower, and each of the Proposed Debtors as guarantors, the lenders party thereto from time to time (collectively, the "<u>DIP Lenders</u>"), and Centre Lane Solutions Partners, LP, as administrative and collateral agent (in such capacity, the "<u>DIP Agent</u>") (with such changes, additions, deletions, amendments, or other modifications thereto as each Authorized Signatory may in its sole and absolute discretion approve (together with all exhibits, schedules, and annexes thereto, the "<u>DIP Credit Agreement</u>"));

WHEREAS, each Governing Authority has reviewed and considered presentations by the management and financial and legal advisors of the Companies regarding the DIP Credit Facility and DIP Credit Agreement;

WHEREAS, the obligation of the DIP Lenders to make the extensions of credit to the Proposed Debtors is subject to, among other things, the Companies entering into the DIP Credit Agreement or satisfying certain conditions in the DIP Credit Agreement, as applicable;

WHEREAS, each Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interests of each Company to enter into the DIP Credit Agreement and each other Loan Document (as defined in the DIP Credit Agreement) and to perform their obligations thereunder, including granting liens, guarantees, and equity pledges;

WHEREAS, the Purchaser (as defined in that certain form of Asset Purchase Agreement, as of today's date (the "<u>APA</u>"), by and among the Proposed Debtors (including the Companies), as sellers, and [Purchaser Newco], as buyer) and the Proposed Debtors have negotiated the material terms of the APA to govern the terms of the Purchaser's purchase of certain assets  (the "<u>Assets</u>") and assumption of certain liabilities of the Proposed Debtors, subject to the receipt of a higher or otherwise better offer;

WHEREAS, each Governing Authority has reviewed the material terms of the APA (together with each of the other certificates, documents, agreements, and schedules contemplated under the APA, the "<u>APA Documents</u>"), and after due consideration and deliberation, determined that each of the transactions contemplated by the APA and the APA Documents (the "<u>APA Transactions</u>") are advisable, fair to, and in the best interests of the applicable Company and its creditors and stakeholders;

WHEREAS, the consummation of the APA Transactions is subject to the Companies filing a motion (the "<u>Sale Motion</u>") with the Bankruptcy Court (as defined herein), seeking, among other things, approval of (i) an auction process (the "<u>Auction</u>") that will govern the marketing and sale of the Assets through certain bidding procedures (the "<u>Bidding Procedures</u>") to the Purchaser or another bidder with the highest or otherwise best offer (such bidder, the "<u>Successful Bidder</u>") and (ii) the Purchaser as the stalking horse bidder and certain related bid protections;

WHEREAS, each Governing Authority has had an opportunity to consult with the Companies' financial and legal advisors and to review the chapter 11 preparation materials provided by the Companies' financial and legal advisors;

WHEREAS, each Governing Authority have determined that it is in the applicable Company's best interests to seek relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, each Governing Authority hereby takes the following actions and adopt the following resolutions pursuant to the organizational documents of the applicable Company and the laws of the states of Delaware, New York and Illinois, as applicable:

NOW, THEREFORE, BE IT,

### Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code

RESOLVED, that in the judgment of each Governing Authority, it is desirable and in the best interests of each Company (including a consideration of such Company's creditors and other parties in interest) that such Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable laws in the United States.

RESOLVED, that the members of each Restructuring Committee or any other duly appointed officer of any Company authorized by the applicable Governing Authority to act on behalf of such Company (collectively, with respect to any Company, such Company's "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to (i) execute and file on behalf of the Company all petitions, affidavits, declarations, first day motions, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business; (iii) appear as necessary at all bankruptcy proceedings on behalf of such Company; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the actions of any Authorized Signatory taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery, and verification of the petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Signatory's approval and the necessity or desirability thereof.

### Retention of Professionals

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the law firm of Ropes & Gray LLP as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and

all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Chipman Brown Cicero & Cole LLP, as co-bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Chipman Brown Cicero & Cole LLP.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Houlihan Lokey Capital, Inc., as investment banker to each Company to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Houlihan Lokey Capital, Inc.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Ankura Consulting Group, LLC to provide a Chief Restructuring Officer and additional necessary personnel as required and approved by the Companies to represent and assist each Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ankura Consulting Group, LLC.

RESOLVED, that each of the Authorized Signatories be, and they hereby are authorized and directed to employ Kroll Restructuring Administration, LLC, as notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Kroll Restructuring Administration, LLC.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of C Street Advisory Group, LLC, as strategic communications advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby

authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of C Street Advisory Group, LLC, if applicable.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## DIP Facility

RESOLVED, the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, and guarantees, liens, and equity pledges granted in connection therewith, be, and hereby are, authorized, adopted and approved with such lenders and on such terms substantially consistent with those presented to each Governing Authority on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Signatories, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the applicable Company.

RESOLVED, that, in the judgment of each Governing Authority, it is desirable and in the best interests of the applicable Company (including a consideration of its creditors and other parties in interest) to finalize, execute, and deliver the DIP Credit Agreement and each of the other certificates, documents, agreements, and schedules contemplated under the DIP Credit Agreement, subject to appropriate modifications and final negotiations, and such Company's performance of its obligations thereunder, including granting liens, guarantees, and equity pledges.

RESOLVED, that each Company's execution and delivery of, and the performance of their obligations (including guarantees) in connection with the DIP Credit Agreement, is hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any such changes therein, additions, deletions, amendments, or other modifications thereto required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of such Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in its sole and

absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable.

RESOLVED, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Signatory may in its sole and absolute discretion approve, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the applicable Company, necessary to implement the postpetition financing, including providing for adequate protection to the secured parties under the Prepetition Credit Agreement in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of cash collateral in connection with the Chapter 11 Cases, which agreements may require adequate protection and liens to the DIP Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the applicable Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

RESOLVED, that (i) the form, terms, and provisions of the DIP Credit Agreement, (ii) that security interests in the Collateral (as defined in the DIP Credit Agreement) under the Security Agreement (as defined in the DIP Credit Agreement) are being granted (iii) the grant of pledges of equity, (iv) the guaranty of obligations by the Guarantors (as defined in the DIP Credit Agreement) under the DIP Credit Agreement, from which the Company will derive value, be, and hereby are, authorized, adopted, and approved, and (v) any Authorized Signatory is hereby authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to each Governing Authority, and such other agreements, certificates, instruments, or other papers or documents to which such Company is or will be a party or any order entered into in connection with the DIP Credit Agreement (collectively with the Security Agreement (as defined in the DIP Credit Agreement), the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve.

RESOLVED, that each Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements,

certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all schedules, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested under the Financing Documents; and (iv) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the applicable Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform such Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

### Entry into Stalking Horse APA

RESOLVED, that each Company is authorized to enter into the APA Documents with the Purchaser for the sale of the Assets and to undertake any and all related transactions contemplated thereby, including the APA Transactions, the Auction, and the Bidding Procedures, on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered in the name of, and on behalf of, such Company to execute, on behalf of such Company, the APA Documents, and to execute and file, on behalf of such Company, the Sale Motion (including the Bidding Procedures) with the Bankruptcy Court.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered in the name of, and on behalf of, such Company to conduct the Auction as approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures and to negotiate, for and on behalf of such Company, such agreements, documents, assignments and instruments as may be necessary, appropriate or desirable in connection with the sale to the Purchaser or the Successful Bidder.

### Management Incentive Program

WHEREAS, each Governing Authority has been advised of the material terms of the Hardinge Inc. 2024 Management Incentive Program (together with all exhibits, schedules, and annexes thereto, including the form of Participant Agreement, the "Program").

RESOLVED, that each Company is authorized to enter into and establish the Program and enter into one or more Participant Agreements and to undertake any and all related transactions contemplated thereby, in each case, on the terms contained therein or on such other terms and

conditions as the Authorized Signatories, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable.

### General

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that each Governing Authority received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, as applicable, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company are hereby in all respects approved and ratified as the true acts and deeds of such Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of each Governing Authority.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the applicable Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

* * * *

## Schedule 1

Ohio Tool Works, LLC

Hardinge Ventures, LLC

Kellenberger Swiss Grinding Machines LLC