**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Hardinge Ventures LLC,<br><br>Debtor.<br>Tax I.D. No. 87-1180586 | Chapter 11<br><br>Case No. 24-11602 |
| In re:<br><br>Ohio Tool Works, LLC,<br><br>Debtor.<br>Tax I.D. No. 90-0927569 | Chapter 11<br><br>Case No. 24-11603 |
| In re:<br><br>Kellenberger Swiss Grinding Machines, LLC,<br><br>Debtor.<br>Tax I.D. No. N/A | Chapter 11<br><br>Case No. 24-11604 |
| In re:<br><br>Hardinge Inc.,<br><br>Debtor.<br>Tax I.D. No. 16-0470200 | Chapter 11<br><br>Case No. 24-11605 |
| In re:<br><br>Hardinge Technology Systems, Inc.,<br><br>Debtor.<br>Tax I.D. No. 16-1326427 | Chapter 11<br><br>Case No. 24-11606 |

| In re:<br><br>Forkardt Inc.,<br><br>Debtor.<br>Tax I.D. No. 46-2494671 | Chapter 11<br><br>Case No. 24-11607 |
|---|---|
| In re:<br><br>Hardinge Grinding Group Inc.,<br><br>Debtor.<br>Tax I.D. No. 36-3396173 | Chapter 11<br><br>Case No. 24-11608 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Hardinge Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby submit this motion (this "Motion") for entry of an order granting the relief described below. In support hereof, the Debtors rely on the *Declaration of Adrian Frankum, Chief Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[1] filed concurrently herewith, and further represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

*Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is section 105(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The relief is also appropriate in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

**RELIEF REQUESTED**

5. The Debtors respectfully request entry of an order directing the joint administration of these chapter 11 cases for procedural purposes only and granting related relief.

6. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all papers in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Hardinge Inc.., *et al.*,[1] | Case No. 24-11605 ([___]) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Hardinge Ventures LLC (0586); Ohio Tool Works, LLC (7569); Kellenberger Swiss Grinding Machines, LLC (N/A); Hardinge Inc. (0200); Hardinge Technology Systems, Inc. (6427); Forkardt Inc. (4671); and Hardinge Grinding Group Inc. (6173). The Debtors' service address is One Hardinge Drive, Elmira, NY 14902-1507.

7. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

8. Finally, the Debtors respectfully request that the Court make a separate docket entry on the docket of each of these chapter 11 cases, other than Hardinge Inc., to reflect joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Hardinge Ventures LLC, Case No. 24-11602; Ohio Tool Works, LLC, Case No. 24-11603; Kellenberger Swiss Grinding Machines, LLC, Case No. 24-11604; Hardinge Inc., Case No. 24-11605; Hardinge Technology Systems, Inc., Case No. 24-11606; Forkardt Inc., Case No. 24-11607; and Hardinge Grinding Group Inc., Case No. 24-11608. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-11605 (___).**

## BACKGROUND

9. On July 29, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

10. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

12. Hardinge Inc., together with the other Debtors and its non-debtor direct and indirect subsidiaries (the "Company"), is a global leader in the design, manufacture and distribution of precise, advanced metal-cutting machine tool solutions. With locations spanning the globe, including the United States, England, France, Germany, Switzerland, China, and India, the Company is able to service customers worldwide. Through the twelve brands operated under the Company's umbrella, including Kellenberger®, Hardinge®, Buck Chuck®, Forkardt® and Ohio Tool Works®, the Company engineers and supplies computer controlled metalcutting turning machines, grinding machines, machining centers, collets, chucks, index fixtures, repair parts for machines, and other industrial products. The Company also provides post-sale support services and maintenance training, in-field maintenance, and in-field repair.

13. Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

**BASIS FOR RELIEF**

14. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

15. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

16. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee for the District of Delaware (the

"U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

17. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## NOTICE

18. The Debtors will provide notice of this Motion to: (a) United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the state attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (g) counsel to the DIP Agent and DIP Lenders; (h) counsel to Privet; (i) counsel to the Prepetition Agent; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Order substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
July 29, 2024

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Robert A. Weber*
Robert A. Weber (No. 4013)
Mark L. Desgrosseilliers (No. 4083)
Mariska Suparman (No. 7271)
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
(302) 295-0196
weber@chipmanbrown.com
desgross@chipmanbrown.com
suparman@chipmanbrown.com

- and -

**ROPES & GRAY LLP**
Gregg M. Galardi (No. 2991)
Lindsay C. Barca (pro hac vice pending)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
gregg.galardi@ropesgray.com
lindsay.barca@ropesgray.com

*Proposed Counsel for Debtors and Debtors in Possession*

# EXHIBIT A

**Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Hardinge Ventures LLC,<br><br>Debtor.<br>Tax I.D. No. 87-1180586 | Chapter 11<br><br>Case No. 24-11602 |
| In re:<br><br>Ohio Tool Works, LLC,<br><br>Debtor.<br>Tax I.D. No. 90-0927569 | Chapter 11<br><br>Case No. 24-11603 |
| In re:<br><br>Kellenberger Swiss Grinding Machines, LLC,<br><br>Debtor.<br>Tax I.D. No. N/A | Chapter 11<br><br>Case No. 24-11604 |
| In re:<br><br>Hardinge Inc.,<br><br>Debtor.<br>Tax I.D. No. 16-0470200 | Chapter 11<br><br>Case No. 24-11605 |
| In re:<br><br>Hardinge Technology Systems, Inc.,<br><br>Debtor.<br>Tax I.D. No. 16-1326427 | Chapter 11<br><br>Case No. 24-11606 |

| In re:<br><br>Forkardt Inc.,<br><br>Debtor.<br>Tax I.D. No. 46-2494671 | Chapter 11<br><br>Case No. 24-11607 |
|---|---|
| In re:<br><br>Hardinge Grinding Group Inc.,<br><br>Debtor.<br>Tax I.D. No. 36-3396173 | Chapter 11<br><br>Case No. 24-11608 |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors for an order (this "Order") directing joint administration of these cases for procedural purposes only and granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation thereon and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted, as set forth herein.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. Each of the above-captioned chapter 11 cases is consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 24-11605.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| In re:<br><br>Hardinge Inc.., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11605 ([___])<br><br>(Jointly Administered) |
|---|---|

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Hardinge Ventures LLC (0586); Ohio Tool Works, LLC (7569); Kellenberger Swiss Grinding Machines, LLC (N/A); Hardinge Inc. (0200); Hardinge Technology Systems, Inc. (6427); Forkardt Inc. (4671); and Hardinge Grinding Group Inc. (6173). The Debtors' service address is One Hardinge Drive, Elmira, NY 14902-1507.

4. The foregoing caption shall satisfy the requirements of section 342(c)(1) of the Bankruptcy Code.

5. The Clerk of the Court shall make a docket entry in each Debtor's chapter 11 case (except that of Hardinge Inc.) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Hardinge Ventures LLC, Case No. 24-11602; Ohio Tool Works, LLC, Case No. 24-11603; Kellenberger Swiss Grinding Machines, LLC, Case No. 24-11604; Hardinge Inc., Case No. 24-11605; Hardinge Technology Systems, Inc., Case No. 24-11606; Forkardt Inc., Case No. 24-11607; and Hardinge Grinding Group Inc., Case No. 24-11608. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-11605 (___)**.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Nothing in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.