**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Hardinge Inc., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 24-11605 (JKS)<br><br>(Jointly Administered)<br><br>Obj. Due: 9/6/2024 @ 4:00 p.m. (ET)<br>Hrg. Date: 9/13/2024 @ 11:00 a.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF ORDER (I) EXTENDING
TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF**

Hardinge Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby submit this motion (this "Motion") for entry of an order granting the relief described below. The Debtors rely on the *Declaration of Adrian Frankum, Chief Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 18] (the "First Day Declaration"),[2] which is fully incorporated herein by reference, and further represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Hardinge Ventures LLC (0586); Ohio Tool Works, LLC (7569); Kellenberger Swiss Grinding Machines, LLC (N/A); Hardinge Inc. (0200); Hardinge Technology Systems, Inc. (6427); Forkardt Inc. (4671); and Hardinge Grinding Group Inc. (6173). The Debtors' service address is One Hardinge Drive, Elmira, NY 14902-1507.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

February 29, 2012.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these Chapter 11 Cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 521(a) of title 11 of the United States Code (the "Bankruptcy Code").  The relief is also appropriate in accordance with Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1007-1 and 9013-1(m).

**RELIEF REQUESTED**

4. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) extending the initial twenty-eight (28) day period to file schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements"), as set by Local Rule 1007-1(b) by an additional eleven (11) days (the "Deadline"), without prejudice to the Debtors' right to request additional time if necessary; and (b) granting related relief.

**BACKGROUND**

5. On July 29, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 8, 2024, the Office of the United States Trustee (the "U.S.

Trustee") appointed a five (5) member Official Committee of Unsecured Creditors (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. Hardinge Inc., together with the other Debtors and its non-debtor direct and indirect subsidiaries (the "Company"), is a global leader in the design, manufacture and distribution of precise, advanced metal-cutting machine tool solutions. With locations spanning the globe, including the United States, England, France, Germany, Switzerland, China, and India, the Company is able to service customers worldwide. Through the twelve brands operated under the Company's umbrella, including Kellenberger®, Hardinge®, Buck Chuck®, Forkardt® and Ohio Tool Works®, the Company engineers and supplies computer controlled metalcutting turning machines, grinding machines, machining centers, collets, chucks, index fixtures, repair parts for machines, and other industrial products. The Company also provides post-sale support services and maintenance training, in-field maintenance, and in-field repair.

7. Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, filed on the Petition Date and incorporated herein by reference.

**BASIS FOR RELIEF**

8. Section 521 of the Bankruptcy Code requires a debtor to file schedules of assets and liabilities and statements of financial affairs unless the bankruptcy court orders otherwise. *See* 11 U.S.C. § 521(a)(1)(A)–(B). Generally, a debtor's schedules of assets and liabilities and statements of financial affairs must be filed within fourteen (14) days after the Petition Date unless the bankruptcy court grants an extension of time "[o]n motion for cause shown and on notice to the United States Trustee, any committee . . . trustee, examiner, or other party as the court may

3

direct." Fed. R. Bankr. P. 1007(c). However, because the Debtors have more than two hundred (200) creditors, Local Rule 1007-1(b) affords the Debtors an additional fourteen (14) days to file the Schedules and Statements. *See* Del. Bankr. L.R. 1007-1-1(b).

9. The Court has authority to grant a further extension "for cause" pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b). *See* Fed R. Bankr. P. 1007(c); Local Rule 1007-1(b). In addition, Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the Schedules and Statements "for cause." Fed. R. Bankr. P. 9006(b)(1).

10. Moreover, section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, authorizes the Court to "[i]ssue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In light of the facts and circumstances surrounding these chapter 11 cases, the Court has authority, consistent with section 521(a) of the Bankruptcy Code, to grant the relief requested herein.

11. As described in the First Day Declaration, and pursuant to the Bidding Procedures Order[3] entered by the Court, the Debtors, with the support of their advisors, will be commencing their proposed postpetition sale process for the sale of substantially all of their assets during the initial period proscribed for filing the Schedules and Statements under the Local Rules and the Bankruptcy Rules. Absent the relief requested herein, the Debtors would be required to file the Schedules and Statements during the initial phase of their proposed postpetition sale process. This would impair the Debtors' and their advisors' ability to commence the proposed postpetition sale process at this critical juncture in their chapter 11 cases. Further, in addition to focusing on the

---

[3] *Order (I)(A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Approving the Debtors' Entry Into the Stalking Horse APA, (C) Approving the Form and Manner of Notice of the Sale Hearing; and (II) Granting Related Relief* [Docket No. 194].

4

postposition sale process, the Debtors are also actively engaging with the Committee, including responding to document and information requests.

12. Given the competing demands facing the Debtors, the Court's grant of a limited extension of time to file the Schedules and Statements through and including the Deadline is appropriate in light of the circumstances. The purposes of filing Schedules and Statements is to provide notice to creditors and to disclose information about the debtor to holders of claims. While the Debtors, with the assistance of their professional advisors, will be working diligently and expeditiously to prepare the Schedules and Statements, the Debtors' resources are particularly limited at this juncture. Given the amount of work required to complete the Schedules and Statements, the competing demands on the Debtors' employees and professionals to stabilize the Debtors' business operations during the initial phase of these chapter 11 cases and to provide continued support to the Debtors' efforts to execute their restructuring strategy, the Debtors likely will not be able to properly and accurately complete the Schedules and Statements within the initial twenty-eight (28) day period prescribed by Local Rule 1007-1(b).

13. Accordingly, while the Debtors intend to work diligently with their professional advisors to complete the Schedules and Statements as quickly as possible, the Debtors request that the Court extend the time to file the Schedules and Statements briefly, through and including the Deadline.

14. The Debtors also ask that the requested relief be granted without prejudice to the Debtors' ability to seek further extensions or modifications of the requirement for the Debtors to file the Schedules and Statements.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: August 23, 2024  
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark L. Desgrosseilliers*
Robert A. Weber (No. 4013)
Mark L. Desgrosseilliers (No. 4083)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
E-mail: weber@chipmanbrown.com
      desgross@chipmanbrown.com

-and-

**ROPES & GRAY LLP**
Gregg M. Galardi (No. 2991)
Lindsay C. Barca (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail: gregg.galardi@ropesgray.com
      lindsay.barca@ropesgray.com

*Counsel to the Debtors and Debtors in Possession*