**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HARDINGE INC., *et al.*,[1] | ) | Case No. 24-11605 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: 6/17/25 at 4:00 p.m. (ET)** |
| | ) | **Hrg. Date: 6/25/25 at 11:00 a.m. (ET)** |

**MOTION OF THE HARDINGE GUC TRUST FOR**
**ENTRY OF FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES**

Fred Stevens, in his capacity as trustee (the "Trustee") of the liquidating trust (the "GUC Trust") established under the Plan (as defined below) in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Hardinge Inc. and its affiliated debtors (collectively, the "Debtors"), hereby moves (the "Motion") on behalf of the GUC Trust for entry of a final decree, substantially in the form attached hereto as **Exhibit A** (the "Final Decree"), closing all Chapter 11 Cases other than the case of Hardinge Inc. (the "Remaining Case"). A list of the Chapter 11 Cases that the Trustee proposes to close (collectively, the "Closing Cases") is attached hereto as **Exhibit B**. In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and Article XI of the Plan. This matter is a core proceeding pursuant to

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Hardinge Ventures LLC (0586); Ohio Tool Works, LLC (7569); Kellenberger Swiss Grinding Machines, LLC (N/A); Hardinge Inc. (0200); Hardinge Technology Systems, Inc. (6427); Forkardt Inc. (4671); and Hardinge Grinding Group Inc. (6173). The Debtors' service address is One Hardinge Drive, Elmira, NY 14902-1507.

28 U.S.C. § 157(b)(2), and venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are section 350(a) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. Pursuant to Local Rule 9013-1(f), the Trustee confirms his consent, on behalf of the GUC Trust, to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. On July 29, 2024 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases have been jointly administered for procedural purposes only.

5. On August 8, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors. *See* Docket No. 117. No chapter 11 trustee or examiner has been appointed in the Chapter 11 Cases.

6. On September 17, 2024, the Court entered an order [Docket No. 338] (the "Sale Order") approving the sale of substantially all of the Debtors' assets to the Buyer (as defined in the Sale Order) and approving the asset purchase agreement attached thereto as Exhibit A (the "APA"). On September 18, 2024, the sale closing occurred as contemplated under the APA (the "Sale Closing"). *See* Docket No. 343.

7. On December 12, 2024, the Court entered an order [Docket No. 598] (the "Confirmation Order") confirming the *Fourth Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Hardinge Inc. and Its Affiliated Debtors and Debtors In Possession* [Docket No. 598-1] (as amended, the "Plan").[2] The Plan became effective on December 31, 2025 (the "Effective Date"). *See* Docket No. 615.

8. On the Effective Date, the GUC Trust was established, and the GUC Trust Assets were transferred and assigned to the GUC Trust. *See* Plan at Article VII.D.1. The GUC Trust is being administered by the Trustee. *See* Plan at Article VII.D.6.

9. Pursuant to the Plan, the Trustee is charged with winding up the Debtors' estates, including closing the Chapter 11 Cases of the Debtors in accordance with Bankruptcy Rule 3022. *See id*. at Articles VII.B., VII.D.6.

**RELIEF REQUESTED**

10. By this Motion, the Trustee seeks entry of the Final Decree, substantially in the form attached hereto as **Exhibit A**, closing certain of the Chapter 11 Cases (*i.e*., the Closing Cases) as set forth herein.

**BASIS FOR RELIEF REQUESTED**

11. Article VII.B. of the Plan provides that:

> On and after the Effective Date, the GUC Trustee shall be permitted to close all of the Chapter 11 Cases of the Debtors in accordance with Bankruptcy Rule 3022 except for the Chapter 11 Case of a Debtor entity identified in the Plan Supplement[3] as having its Chapter 11 Case remain open following the Effective Date, and, subject to the filing of a motion requesting appropriate authority, all contested matters relating to any of the Debtors, including objections to Claims or Equity Interests and any adversary proceedings, may be administered and heard in the Chapter 11 Case of the Debtor entity identified in the Plan Supplement as having its Chapter 11 Case remain open following the Effective Date, irrespective of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

[3] The Plan Supplement [Docket No. 537] inadvertently failed to identify the Debtor entity to remain open.

> whether such Claims or Equity Interests were Filed or such adversary proceeding was commenced against a Debtor whose Chapter 11 Case was closed.

Plan at Art. VII.B. As set forth below, the Trustee believes that the Closing Cases will be fully administered by the time of the hearing on the Motion and, accordingly, seeks to close the Closing Cases as contemplated under the Plan.

12. Moreover, section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case." Fed. R. Bankr. P. 3022.

13. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a. whether the order confirming the plan has become final;

b. whether deposits required by the plan have been distributed;

c. whether the property proposed by the plan to be transferred has been transferred;

d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

e. whether payouts under the plan have commenced; and

f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been

substantially consummated. *See, e.g., In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).

14. Courts in this District and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs.*, 164 B.R. at 493 ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

15. Here, by the time of the hearing on this Motion, the Trustee submits that the Closing Cases will have been "fully administered" within the meaning of section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, making it appropriate for the Court to enter the Final Decree. In particular:

a. the Confirmation Order has become final and is non-appealable;

b. all payments required to be made under the Plan on the Effective Date have been made;

c. the GUC Trust has been established and has assumed the business and management of the property dealt with by the Plan; and

d. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

16. Although the claims reconciliation process is ongoing, and the Trustee continues to investigate potential claims and causes of action and may in the future seek to pursue certain claims and causes of action for the benefit of the GUC Trust Beneficiaries, the Plan specifically provides that these sorts of ongoing matters may be administered in the remaining open Chapter 11 Case (*i.e.*, the Remaining Case). *See* Plan at Article VII.B ("[S]ubject to the filing of a motion requesting appropriate authority, all contested matters relating to any of the Debtors, including objections to Claims or Equity Interests and any adversary proceedings, may be administered and heard in the Chapter 11 Case of the Debtor entity identified in the Plan Supplement as having its Chapter 11 Case remain open following the Effective Date, irrespective of whether such Claims or Equity Interests were Filed or such adversary proceeding was commenced against a Debtor whose Chapter 11 Case was closed."); *see also* Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991) ("The court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future."). Thus, the Trustee submits that it is appropriate to close the Closing Cases at this time.

17. Finally, in accordance with Local Rule 3022-1(a)(ii), the Trustee will file a final report and account with respect to the Closing Cases, substantially in the form attached hereto as **Exhibit C**, at least fourteen (14) days before the hearing on the Motion. The Trustee proposes to file a final report and account summarizing the results of the Remaining Case when that case being closed. The Trustee further requests that the GUC Trust be relieved of the obligation to file U.S. Trustee post-confirmation quarterly summary reports (and pay the associated quarterly fees) for the Closing Cases for time periods after entry of the Final Decree.[4]

---

[4] The Trustee will continue to file post-confirmation quarterly reports and pay the associated quarterly fees for the Remaining Case until the case has been closed.

18. For the foregoing reasons, the Trustee respectfully requests that the Court enter the Final Decree closing the Closing Cases.

**NOTICE**

19. The Trustee, on behalf of the GUC Trust, will provide notice of the Motion to: (i) the U.S. Trustee; and (ii) all parties entitled to notice pursuant to Local Rule 2002-1(b). The Trustee submits that, in light of the nature of the relief requested, no further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter the Final Decree, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: Wilmington, Delaware
June 3, 2025

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
Andrew A. Mark (I.D. No. 6861)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
(302) 485-3900
dhurst@mwe.com
amark@mwe.com

- and -

Darren Azman
Kristin K. Going
One Vanderbilt Avenue
New York, New York 10017
(212) 547-5400
dazman@mwe.com
kgoing@mwe.com

*Counsel for the Hardinge GUC Trust*