**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HARDINGE INC., *et al.*,[1] | ) | Case No. 24-11605 (JKS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related to Docket Nos. 790, 802** |

**ORDER (I) ESTIMATING CONTINGENT AND UNLIQUIDATED CLAIMS TO FACILITATE DISTRIBUTIONS UNDER THE PLAN; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of Fred Stevens, in his capacity as Trustee for the Hardinge GUC Trust, seeking entry of an order (this "Order") estimating contingent and unliquidated claims to faciliate distributions under the Plan, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Hardinge Ventures LLC (0586); Ohio Tool Works, LLC (7569); Kellenberger Swiss Grinding Machines, LLC (N/A); Hardinge Inc. (0200); Hardinge Technology Systems, Inc. (6427); Forkardt Inc. (4671); and Hardinge Grinding Group Inc. (6173). The Debtors' service address is One Hardinge Drive, Elmira, NY 14902-1507.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

GUC Trust, the GUC Trust Beneficiaries, and all other parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Each of the claims listed on **Schedule 1** hereto (collectively, the "Subject Claims") is hereby estimated at $0, solely for purposes of distributions under the Plan.

3. The Subject Claims shall not become Allowed Claims under the Plan unless and until they are allowed by separate order of the Court.

4. The estimation of the Subject Claims as set forth on **Schedule 1** hereto shall not limit the ability of any holder of a Subject Claim to obtain a determination of the allowed amount of such Subject Claim or assert a right for recovery on account of such Subject Claim, if allowed, from sources other than the Debtors' estates.

5. The rights of the GUC Trust to object to, and defend against, the Subject Claims are fully preserved, and the estimation of the Subject Claims is without prejudice to the rights of the GUC Trust to dispute the merits of the Subject Claims, including the GUC Trust's ability to seek relief from the Court to disallow any Subject Claim or to fix the allowed amount of any Subject Claim in accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or any other order of this Court in an amount different from the estimated amounts of the Subject Claims set forth on **Schedule 1** hereto.

6. Kroll, the claims agent in the Chapter 11 Cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

7. The Trustee's Motion as to each Subject Claim addressed in the Motion constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Subject Claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

8. Notwithstanding any provision in the Bankruptcy Rules or Local Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

**Dated: August 19th, 2026**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**